IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 19-41358 |
| | ) | |
| PHILLIP C. COLELLA | ) | Chapter 13 |
| | ) | |
| Debtor | ) | Chief Judge Russ Kendig |

## DEBTOR'S OBJECTION TO PROOF OF CLAIM NUMBER 11 FILED BY DEANNA L. MARCHIONDA

NOW COMES Debtor, by and through counsel, and submits this objection to proof of claim number 11 (the "Claim") filed on behalf of Deanna L. Marchionda (the "Claimant") as a priority debt under 11 U.S.C. 507(a)(1)(A) or (a)(1)(B) in the amount of $72,000.00, alleging that it is a domestic support obligation ("DSO"). In support of this objection, Debtor states as follows:

## BACKGROUND

1. The Debtor filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), on July 24, 2019 (the "Petition Date").

2. Claimant is the former spouse of the Debtor. The parties' marriage was dissolved on or about November 25, 2014. As part of the dissolution, the parties entered into a separation agreement (a redacted copy is attached as Exhibit "A"). Debtor is current on his child support payments to the Claimant. Child support is currently $1,654 per month. Post-decree spousal support payments of approximately $1,500 per month paid to Claimant ended on or about June, 2019.

## OBJECTIONS TO THE CLAIM

3. The Claimant did not specify which provision of the separation agreement allegedly supports the "assumption of Debt pursuant to Domestic Support Agreement." Further, Claimant did not provide sufficient documentation to substantiate a claim in any amount. Therefore, the

Claim is deficient and does not comply with Federal Rule of Bankruptcy Procedure 3001(c)(1). As a result, the Debtor is unable to determine if the Claim amount of $72,000.00 is properly due.

4.   The Debtor further objects to the characterization of the Claim as a DSO. Despite Claimant's suggestion otherwise, not every obligation created in connection with, or arising out of, a domestic matter qualifies as a DSO. In order for a debt to be considered a DSO, it must meet all four requirements of 11 U.S.C. § 101(14A). The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable non-bankruptcy law notwithstanding any other provision of this title, that is –

(A) owed to or recoverable by –

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

(ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable non-bankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

5.  In this case, the Claimant has not established that the alleged debt is payable to her as a former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative as required under 11 U.S.C. § 101(14A). Furthermore, the Claimant has not established that the alleged debt is in the nature of alimony, maintenance, or support. This is determined by looking at "traditional state law indicia" of support obligations. Sorah v. Sorah, 163 F.3d 397, 401 (6th Cir. 1998). Such as "(1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of third-party debt, and (3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits." Id. Rugiero v. DiNardo (In re Rugiero), 502 Fed.Appx. 436, 439 (6th Cir. 2012) (unpublished). See also Hamilton v. Kyer (In re Kyer), (Bankr. N.D. Ohio 2012) (Adv. No. 12-6142) (unpublished).

6.  Any remaining debt owed to Claimant, if any (spousal support obligation payments totaling more than $50,000 were completed pre-petition), would not bear the hallmarks of a spousal support obligation. It is not found under Section. 8 of the separation agreement titled Spousal Support. Second, it is not payable directly to Claimant and not contingent on other events such as death or remarriage. Presumably, Claimant is arguing that Debtor would be liable for payments until a third party loan is paid in full. Therefore, since the debt is not the nature of alimony, maintenance, or support, it does not constitute a DSO, does not fit within any class for priority under 11 U.S.C. §§ 503 or 507, and does not have to be paid in full through the Debtor's Chapter 13 Plan.

## RESERVATION OF RIGHTS

7.  The Debtor reserves the right to amend, supplement, modify and/or provide additional bases for this objection. This reservation should not be limited.

WHEREFORE, Debtor respectfully requests that the Court disallow the Claim or, in the alternative, reclassify the Claim as an unsecured, non-priority claim, and for such additional relief as the Court deems appropriate.

Respectfully submitted,

**SUHAR & MACEJKO, LLC**

By: /s/ Melissa Macejko
Melissa Macejko, Esq. (#0070974)
29 E. Front St., 2nd Floor
P.O. Box 1497
Youngstown, Ohio 44501-1497
Telephone: (330) 744-9007
Facsimile: (330) 744-5857
Email: mmacejko@suharlaw.com

Counsel for the Debtor

# NOTICE OF DEBTOR'S OBJECTION TO PROOF OF CLAIM
# NUMBER 11 FILED BY DEANNA L. MARCHIONDA

Debtor, Phillip C. Colella, has filed an objection to Deanna L. Marchionda's proof of claim #11 in this case (the "Objection").

**Your claim may be reduced, modified, or eliminated.** **You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to eliminate or change your claim, then on or before **November 14, 2019**, you or your attorney must:

File with the Court a written response to the Objection, explaining your position, at:

> Clerk of Court
> United States Bankruptcy Court
> 10 E. Commerce St.
> Youngstown, OH 44503

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it before the date stated above.

You must also send a copy to:

| | |
|---|---|
| Melissa Macejko, Esq. | Michael A. Gallo, Trustee |
| P.O. Box 1497 | 5048 Belmont Ave. |
| Youngstown, OH 44501-1497 | Youngstown, OH 44505 |

Attend the hearing on the Objection, scheduled to be held on <u>November 21, 2019 at 2:00 p.m.</u> in the Courtroom of the United States Bankruptcy Court, 10 East Commerce Street, Youngstown, OH 44503. If you or your attorney do not take these steps, the Court may decide that you do not oppose the Objection to your Claim.

Respectfully submitted,

**SUHAR & MACEJKO, LLC**

By: /s/ Melissa Macejko
Melissa Macejko, Esq. (#0070974)
29 E. Front St., 2nd Floor
P.O. Box 1497
Youngstown, Ohio 44501-1497
Telephone: (330) 744-9007
Facsimile: (330) 744-5857
Email: mmacejko@suharlaw.com

Counsel for the Debtor

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **Objection to Proof of Claim #11 filed by Deanna L. Marchionda and Notice** were served by the following methods this  14th  day of October, 2019 to the following parties:

**Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:**

- T. Robert Bricker    tbricker@sbcglobal.net, brickerbk@yahoo.com;roberttr70767@notify.bestcase.com
- Michael A. Gallo    mgallo@gallotrustee.com, mgallo@ecf.epiqsystems.com
- Melissa M. Macejko    mmacejko@suharlaw.com, melissamacejko@sbcglobal.net;mstewart@suharlaw.com
- United States Trustee    (Registered address)@usdoj.gov

**Service by first class U.S. mail, postage fully pre-paid:**

Deanna L. Marchionda
47 Central Square
Unit 1201
Youngstown, OH 44503

T. Robert Bricker, Esq.
106 S. Broad St.
Canfield, OH 44406

Phillip Christopher Colella
13842 Mystic Rock Rd.
Columbiana, OH 44408

**SUHAR & MACEJKO, LLC**

By: /s/ Melissa Macejko
Melissa Macejko, Esq. (#0070974)

Counsel for the Debtor