**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



_Russ Kendig_
**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 02:01 PM May 26, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| PHILLIP CHRISTOPHER COLELLA, | ) | CASE NO. 19-41358 |
| | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

Now before the court is the objection to confirmation by the Deanna L Colella Living Trust and Deanna L. Marchionda (collectively "Creditors").[1]

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. This is a core proceeding and the court has authority to enter final orders. 28 U.S.C. § 157(b)(2)(L). Pursuant to 28 U.S.C. §§ 1408 and 1409, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.[2]

---

[1] The court's previous opinion on this matter entered April 23, 2020 is fully incorporated herein. (ECF 39.)

[2] Hereinafter, unless otherwise indicated, any reference to a section ("§" or "section") refers to a section in Title 11 of the United States Code (the "Bankruptcy Code"), and any reference to a "Rule" refers to a Federal Rule of Bankruptcy Procedure.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Previously, Debtor's plan called for payments of $500 per month and proposed a 0% dividend to general unsecured creditors. Debtor's Schedules I and J reflected $543.50 in monthly net income. Debtor's Schedule J listed a $400 monthly home maintenance expense. Creditors objected to confirmation, arguing, among other things, that Debtor was not contributing all of his disposable income into the plan. Creditors took issue with several of Debtor's expenses, including the home maintenance expense.

On April 23, 2020, this court entered an order requiring Debtor to (1) file and serve documentation pertaining to his home maintenance expense, (2) explain why the expense is reasonable and necessary, and (3) file and serve amended Schedules I and J. (ECF 40.) On April 27, an agreed order between the Trustee and Debtor was entered, increasing Debtor's plan payments to $1,000 and increasing the dividend to 35%. (ECF 43.)

On April 29, Debtor filed amended Schedules I and J, which reflect $990.25 in monthly net income. (ECF 44.) Debtor's amended Schedule J shows $200 for home maintenance and $495 for utilities. Debtor also submitted a statement in support of the home maintenance expense. (ECF 45.) Debtor claims that his actual home maintenance expense is $465, which entails, among other items, $120 per month for "lawn care" and $125 per month for "landscaping installation."[3] Debtor argues that his home maintenance cost, although necessary, was cut in half in order to demonstrate good faith, increase his plan payment, and increase the dividend. On May 6, Creditors responded to Debtor's statement. (ECF 47.) Debtor replied on May 14. (ECF 48.)

## DISCUSSION

Section 1325(b)(1) requires debtors to submit their projected disposable income into the plan. § 1325(b)(1)(B). Disposable income is defined as current monthly income minus amounts "reasonably necessary" to be expended for the maintenance or support of the debtor and his dependents. § 1325(b)(2). For above median income debtors, like Debtor, the means test in § 707(b)(2) determines whether amounts are reasonably necessary. § 1325(b)(3); In re Short, No. 08-11224, 2008 Bankr. LEXIS 3940, at *7 (Bankr. N.D. Ohio Sept. 11, 2008). The IRS issues National and Local Standards for certain expenses on the means test. The IRS Local Housing and Utilities Standards allow $692 per month for home maintenance and utilities for a household of 7 in Mahoning County.[4]

Creditors object to the documentation Debtor provided for the lawn care and landscaping installation expenses. However, the issue is whether Debtor's *budgeted* home maintenance expense is reasonably necessary. Debtor's amended Schedule J allocates $695 per month for

---

[3] Debtor attached documentation for these expenses.

[4] https://www.justice.gov/ust/eo/bapcpa/20190501/bci_data/housing_charts/irs_housing_charts_OH.htm.

home maintenance ($200) and utilities ($495), which is $3 higher than the IRS standard. However, the $3 excess is immaterial given that (1) Debtor has doubled his monthly plan payment from $500 to $1,000, (2) the payment vastly exceeds Debtor's calculated monthly disposable income of $280.19 in Official Form 122C-2, and (3) the payment is almost $10 higher than Debtor's budgeted net monthly income of $990.25. Consequently, the court finds that Debtor's reduced home maintenance expense is reasonably necessary and is part of a good faith agreement with the Trustee to increase plan funding and the dividend. Therefore, the court will overrule Creditors' objection.

The court will enter a separate order in accordance with this opinion.

**Service List**:

Melissa M. Macejko
29 E. Front Street 2nd Floor
P O Box 1497
Youngstown, OH 44501-1497

T. Robert Bricker
106 South Broad Street
Canfield, Ohio 44406

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505